IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Aaron D. Younker, | : | |
| Plaintiff | : | Civil Action 2:13-cv-1128 |
| v. | : | Judge Frost |
| Eric J. Allen, | : | Magistrate Judge Abel |
| Defendant | : | |

**INITIAL SCREENING**
**REPORT AND RECOMMENDATION**

Plaintiff Aaron D. Younker brings this prisoner civil rights action under 42 U.S.C. §1983 alleging that defendant Eric J. Allen, his fifth court-appointed attorney, failed to adequately investigate the charges against him and prepare an alibi defense. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

In March 2006, Younker was arrested on a complaint of rape. In May 2006, the Highland County grand jury indicted him for one count of rape. On October 3, 2007, Younker pleaded no contest to a charge of sexual battery, and the trial judge found him guilty and sentenced him to seven years in prison. Younker appealed, and the Ohio Court of Appeals for the Fourth District affirmed the conviction. *State v. Younker*, 2008 WL 5393137 (Ohio 4th Dist. Ct. App. December 16, 2008).

The complaint contains the following allegations. In June 2007, defendant Eric Allen became plaintiff Aaron D. Younker's fifth court-appointed attorney. Allen, and the four attorneys who preceded him, failed to get affidavits, take depositions, and collect other evidence for his defense. He failed to investigate Younker's alibi defense. He failed to raise these issues on appeal.

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v.*

---

is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

*Gibson*, 355 U.S. 41, 47 (1957).  The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'": *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed.  *Erickson*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Twombly,* 550 U.S. at 570." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1983, the complaint must allege that the defendant was acting under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There is no allegation here that defendant Allen was acting under color of law.  The fact that Allen was a court-appointed lawyer does not mean that he was acting under color of state law.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998), *amended on denial of reh'g,* 243 F.3d 234 (6th Cir. 2001); *Krukemyer v. Forcum*, 475 Fed. Appx. 563, 566 (6th Cir. April 6, 2102). *See*, *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007).

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

3

**IT IS FURTHER ORDERED** that the United States Marshal serve upon defendant Eric J. Allen a summons, a copy of the complaint, and a copy of this Order. Defendant is not required to answer the complaint unless later ordered to do so by the Court.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel
United States Magistrate Judge